CENTRAL PARK PLAZA CORPORATION, Landlord, *v.* JACOB MONSKY, Tenant.

Municipal Court of New York, Borough of Manhattan, Fifth District, December 5, 1932.

*Salkin & Korn* [*Charles Korn* of counsel], for the landlord.

*Foster & Cutler* [*A. S. Cutler* of counsel], for the tenant.

LAUER, J. This is a summary proceeding for the non-payment of rent under a written lease covering an apartment in an apartment house building in the city of New York. The tenant has interposed a defense and a counterclaim demanding the repayment of all rent previously paid to the landlord. Both the defense and the counterclaim are based upon the same allegations, the substance of which is that the building and also the tenant's apartment were erected or constructed in a manner that in certain particulars violates, and, therefore, are occupied contrary to, the provisions of " The Building Code, the Ordinances of the City of New York.

The Tenement House Law, The Multiple Dwelling Law, and all other statutes in such cases made and provided." The tenant urges that, for this reason, the lease is illegal and void, and that he may not only resist the landlord's present proceeding but should recover all rent paid during his occupation of the premises.

Upon the trial there was introduced in evidence on behalf of the landlord a deed of the premises to the landlord, the lease to the tenant, and evidence of demand and non-payment of the rent. There was also put in evidence a certificate of occupancy dated September 30, 1930, and issued by the bureau of buildings certifying that the building conforms to the approved plans and was constructed pursuant to the requirements of the Building Code, all other laws and ordinances, the rules and regulations of the board of standards and appeals, and another certificate dated September 30, 1930, and issued by the tenement house department in accordance with the provisions of section 301 of the Multiple Dwelling Law permitting the occupation of the building for human habitation.

It is the claim of the tenant that he is relieved from liability under his lease because of the provisions of section 302 of the Multiple Dwelling Law. This section provides in part: " 1. If any building be occupied in whole or in part for human habitation *in violation of the last section,* during such unlawful occupation any bond or note secured by a mortgage upon said building, or the lot upon which it stands, may be declared due at the option of the mortgagee. No rent shall be recovered by the owner or lessee of such premises for said period, and no action or special proceeding shall be maintained therefor, or for possession of said premises for non-payment of such rent." The provision above quoted, that " No rent shall be recovered by the owner or lessee of such premises for said period, and no action or special proceeding shall be maintained therefor, or for possession of said premises for non-payment of such rent," would be applicable only in case the building were occupied in whole or in part for human habitation in violation of the last section, that is, section 301.

Now, under section 301 of the Multiple Dwelling Law, we have this: " No tenement house shall hereafter be occupied in whole or in part for human habitation *until the issuance of a certificate* by the department charged with the enforcement of the tenement house law or of this chapter that said building conforms in all respects to the requirements of the tenement house law or of this chapter. No building hereafter constructed as or altered or converted into a multiple dwelling shall be occupied in whole or in part for human habitation until the issuance of a certificate by the department charged with the enforcement of this chapter that said

building conforms in all respects to the requirements of this chapter." Then, when the certificate shall be issued, the section provides that reliance may be placed upon such a certificate, and then we have the provision: "Whenever any person has so relied upon such certificate, no claim that such dwelling had not, prior to the issuance of such certificate, conformed in all respects to the provisions of this chapter shall be made against such person or against the interest of such person in a multiple dwelling to which such a certificate applies or concerning which such a statement has been issued." So apparently the remedy provided in subdivision 1 of section 302 that "No rent shall be recovered by the owner or lessee of such premises * * * and no action or special proceeding shall be maintained therefor, or for possession of said premises for non-payment of such rent," is applicable only in event of failure on the part of the owner to obtain a certificate of compliance.

Now then I come to the consideration of subdivision 2 of section 302 of the Multiple Dwelling Law, reading as follows: "If any dwelling or any part thereof is hereafter occupied by more families or persons than permitted in this chapter, or is erected, altered or occupied contrary to law, such dwelling shall be deemed an unlawful structure," and then follows the penalty for that violation, "and the department charged with the enforcement of this chapter may cause such building or the part to be vacated. And such building shall not again be occupied until it or its occupancy, as the case may be, has been made to conform with the law."

In other words, assuming the violation provided for by subdivision 2 of this section, the penalty there provided is not as is provided in subdivision 1 of the same section, to wit, that no rent shall be recovered by the owner or lessee and no action or special proceeding shall be maintained, but the penalty is that the department charged with the enforcement of this chapter may cause such building or the part thereof to be vacated.

A certificate of occupancy has been issued for the building in question. The requirements of section 301 are, therefore, satisfied.

I think that you cannot go back of the certificate of occupancy and I do not think that it is intended by subdivision 2 of section 303 to extend any present provisions or any past provisions of law so far as the courts are concerned. As I see it, this Multiple Dwelling Law in its provisions is a most drastic one. The requirements on the part of the landlord are onerous, and under the law the proper city authorities are left, according to the statute, charged with the duty of its enforcement. Perhaps because of the drastic nature of the provisions, the Legislature was careful in

making the distinctions which I have pointed out as to the penalties which are provided in the case of a violation of the provisions of the statute. I think that the burdens imposed by law should not be increased by the courts. Moreover, the last sentence in subdivision 2 of section 302, " And such building shall not again be occupied until it or its occupancy, as the case may be, has been made to conform to the law," has relation to the part of the sentence which immediately precedes it " and the department charged with the enforcement of this chapter may cause such building or the part to be vacated."

Holding this view of the law, it would not be material whether or not the tenant established by proof the violations set forth in his bill of particulars. Even assuming that such violations were established they would constitute no defense to this proceeding.

I, therefore, hold that the defense which the tenant seeks to set up here is not a good and valid defense and that the counterclaim as against the landlord for the recovery of the rent is insufficient, and I grant the landlord's motion for a dismissal of the defense and counterclaim and direct a final order and judgment against the tenant for the full amount demanded in the petition of $1,500. Five days' stay.