TOMPKINS SQUARE HOLDING COMPANY, INC., Plaintiff, *v.* SAMUEL W. GILSON (GERSON), Defendant.

Municipal Court of New York, Borough of Manhattan, Ninth District, March 10, 1938.

*Rosenblum & Sommer* [*Ralph S. Hein* of counsel], for the plaintiff.

*Goggins & Fried* [*Francis V. Goggins* of counsel], for the defendant.

O'Rourke, J. This is a motion for summary judgment predicated on a written lease between the plaintiff and the defendant dated September 14, 1936, on premises known as No. 418 East Sixth street, rear building, Manhattan. The lease was for a period of one year beginning October 1, 1936, at a monthly rental of thirty dollars, payable on the first day of each month. The defendant entered into possession, and it is not disputed that the rent due for May, June, July, August and September, 1937, has not been paid.

The defense is a general denial with a specific allegation that a certificate of compliance, as required by section 301 of the Multiple Dwelling Law, has never been obtained, and that section 302 of the said Multiple Dwelling Law bars an action for rent under such circumstances.

It is conceded that the premises in question was erected in or about 1890, and that ever since that time it has been occupied as a tenement house, within the statutory definition of that term as it appears in the Multiple Dwelling Law. It is further conceded that no " Certificate of Compliance," as called for in the first sentence of section 301 of said law, has ever been applied for or issued; the contention of the landlord being that none is required.

Section 301 of the Multiple Dwelling Law, so far as applicable, is as follows: " Certificate of compliance. No tenement house shall hereafter be occupied in whole or in part for human habitation until the issuance of a certificate by the department charged with the enforcement of the Tenement House Law or of this chapter that said building conforms in all respects to the requirements of the Tenement House Law or of this chapter."

Section 302 of the Multiple Dwelling Law, which provides a penalty for non-compliance, so far as applicable, is as follows: " Unlawful occupation. 1. If any building be occupied in whole or in part * * * no rent shall be recovered by the owner or lessee of such premises for said period, and no action or special proceeding shall be maintained therefor."

The reading of so much of these sections which are relevant to the point in issue would seem to indicate that a " certificate of compliance " must be had. However, the latter part of subdivision 1 of section 302 is as follows: " Provided, however, that any old law tenement house or   *   *   *   which has been occupied for human habitation,   *   *   *   shall be permitted to be occupied in the same manner as if a certificate had been issued that such dwelling conforms in all respects to the requirements of this chapter."

Subdivision 9 of section 4 of the Multiple Dwelling Law defines an old-law tenement house to be " A tenement house erected or existing prior to April twelfth, nineteen hundred and one."

This would seem to indicate then that since the premises existed prior to April 12, 1901, it is an " old-law tenement house," and as such a certificate of compliance is not necessary and I so find.

There is a further objection raised in the opposing affidavit, though not strenuously pressed, to the effect that a violation was placed on the premises on February 2, 1937, for failure to erect certain fire retarding walls, which violation was not removed of record until October, 1937.

That may be true, but it is not a bar to an action by the landlord for rent. As pointed out by the court in *Central Park Plaza Corp.* v. *Monsky* (145 Misc. 688), the occupation of the premises not being in violation of section 301 of the Multiple Dwelling Law, the department charged with the enforcement of said violation may take appropriate action, but it does not relieve the tenant from paying rent.

I, therefore, direct the answer of the tenant to be stricken out, and the entry of judgment in favor of the landlord for $150.