Louis J. Wokal, etc., Landlord, *v.* John Sequin, Tenant.

Municipal Court of New York, Borough of Queens, Sixth District, April 25, 1938.

*Maurice Adda,* for the landlord.

*Hartsell & Callahan* for the tenant.

MORRIS, J. This is a summary proceeding under an oral lease as a month-to-month tenant for a second-floor apartment in what is a two-family house. The landlord is seeking possession because of tenant's failure to pay the rent due March 15, 1938, and the tenant has interposed a counterclaim to recover back rent paid by him for the months of November and December, 1937, alleging that the landlord during said months maintained the premises in question in violation of section 301 of the Multiple Dwelling Law.

Section 4 of the Multiple Dwelling Law defines a multiple dwelling as one which is " occupied as the abode, residence or home of three or more families living independently of each other." Section 301 of the Multiple Dwelling Law, in so far as the same applies to the defendant's counterclaim, reads as follows: " No building hereafter constructed as or altered or converted into a multiple dwelling shall be occupied in whole or in part for human habitation until the issuance of a certificate by the department charged with the enforcement of this chapter that said building conforms in all respects to the requirements of this chapter."

Subdivision 1 of section 302 of the Multiple Dwelling Law provides that if a building is occupied in whole or in part in violation of the preceding section: " No rent shall be recovered by the owner or lessee of such premises for said period, and no action or special proceeding shall be maintained therefor, or for possession of said premises for nonpayment of such rent."

It was stipulated on the trial that the premises originally consisted of a one-family house, that the landlord altered the premises prior to November, 1937, as a two-family house, and they were occupied during the months of November and December, 1937, by three families without the landlord obtaining a certificate of occupancy, but since December, 1937, and at the time this proceeding was brought, there were only two families in occupation of the same. There is nothing in the record to prove that the premises

were " occupied as the abode, residence or home of three or more families living independently of each other," but that three families were living in the premises and paying rent separately.

The language of the statute unquestionably precludes the recovery of rent for the occupancy of a multiple dwelling and bars the landlord from dispossessing the tenant for failure to pay rent where the landlord has failed to obtain a certificate of occupancy (*Silamar Estates, Inc.*, v. *Bien*, 165 Misc. 239) for said period during which the violation continues.

The statute is an onerous and most drastic one (*Central Park Plaza Corp.* v. *Monsky*, 145 Misc. 688, 690), but does not declare the agreement of lease void. The statute, being a highly penal statute, must be strictly construed, and, therefore, may not be extended so as to grant to the tenant any right not expressly provided for. Concededly the tenant was in possession of the premises during the month of March, 1938, at the time of the trial and after the violation had been removed. There is nothing indicated in the statute by way of penalty or otherwise that a tenant may recover rent already paid for use and occupation where the tenant was in possession after the removal of the violation. The court may not read into the statute a legal right to a recovery back of the rent paid.

Judgment in favor of the petitioner awarding the delivery of the possession of the premises described in the petition, with costs of the proceeding, and judgment in favor of the landlord for the amount demanded. Counterclaim dismissed on the merits. Five days' stay.