Ben Mermelstein, Acting City Judge.
In this summary proceeding to recover possession of an apartment for nonpayment of rent, tenant has interposed affirmative defenses and counterclaims as follows:
(1) That by reason of the nonperformance by landlord of certain conditions precedent made prior to the execution of the lease, no rent accrued for the months of November and December, 1956.
(2) Deprivation of the use of a substantial portion of the leased premises by reason of the acts of the landlord.
(3) False representations made by landlord prior to the signing of the lease to the damage of the tenant in the sum of $1,000.
(4) False representations made by landlord that the premises would be ready for occupancy on September 30, 1956, made for *535 the purpose of inducing tenant to move into said apartment on that date, and refrain from canceling the contract of leasing pursuant to the terms thereof.
The lease is the standard form of apartment lease prepared by the Real Estate Board of New York, Inc., and contains, in addition to the usual clauses, the following:
“ 18. Landlord or Landlord’s agents have made no representations or promises with respect to the said building or demised premises except as herein expressly set forth. The taking possession of the demised premises by Tenant shall be conclusive evidence, as against Tenant, that said premises and the building of which the same form a part were in good and satisfactory condition at the time such possession was so taken.”
“ 22. * * * This lease contains the entire agreement between the parties, and any executory agreement hereafter made shall be ineffective to change, modify or discharge it in whole or in part unless such executory agreement is in writing and signed by the party against whom enforcement of the change, modification or discharge is sought.”
At the trial the court permitted oral testimony to be given by tenant in support of the affirmative defenses and counterclaims. At that time, and at the conclusion of the case, landlord’s attorney moved to strike out all of this testimony as being in violation of the parol evidence rule. The court reserved decision on these motions.
In Mitchill v. Lath (247 N. Y. 377, 381) Judge Audbews stated that before parol evidence may be received to vary the written contract, at least three conditions must exist: “ (1) the agreement must in form be a collateral one; (2) it must not contradict express or implied provisions of the written contract; (3) * * * Or again, it must not be so clearly connected with the principal transaction as to be part and parcel of it.”
The tenant’s testimony and proof fails to satisfy the second and third of these requirements. At the time of signing of the lease, tenant, a mature and intelligent individual, agreed not only that the “ Landlord or Landlord’s agents have made no representations or promises with respect to the said building or demised premises except as herein expressly set forth”; not only that “ This lease contains the entire agreement between the parties ’ ’ ; but also ‘ ‘ The taking possession of the demised premises by Tenant shall be conclusive evidence, as against Tenant, that said premises and the building of which the same form a part were in good and satisfactory condition at the time such possession was so taken.”
*536 Clearly, if these “merger clauses ” in the subject lease, included specifically to prevent reliance upon a promise not therein contained, could be varied by parol evidence, written leases would no longer be secure. In Fogelson v. Rackfay Constr. Co. (300 N. Y. 334, 338-339), Judge Fuld, in writing the opinion in which there was unanimous concurrence dismissing the complaint stated: “ Where landlord and tenant enter into a lease, it is reasonable to expect that it ‘ contain the engagements of the parties, and * * * define the object and measure the extent of such engagement \ (Eighmie v. Taylor, supra, 98 N. Y. 288, 294-295.) Certainly, where the promise relates to a matter so closely touching upon the landlord-tenant relationship as the landlord’s obligation to supply an assertedly essential service — at least, where, as here, it is rendered off the premises — the promise must be embodied and contained in the lease itself.”
The entire agreement between the parties was embodied in the written instrument, and the lease so provided. In the above case Judge Fuld went on to say: ‘ ‘ What reason and principle and precedent make clear is rendered virtually conclusive by one of the provisions in the lease itself. The parties solemnly stipulated not only that the written lease ‘ contains the entire agreement between the parties ’, not only that ‘ All prior negotiations and agreements are merged herein ’, but also that ‘ Any additions [to] * * * or alterations or changes in this contract * * * to be binding, must be in writing signed by both parties ’. In a very real sense, that merger clause announces and demonstrates the all-inclusive nature of the written lease and furnishes still ‘ additional reason ’ for applying the parole evidence rule. (See 3 Williston, op. cit., § 811A, p. 2282.) In truth, if the lease before us — complete in its face and drafted designedly and explicitly to prevent reliance upon any promise or agreement not included — could be varied and undermined by parol evidence, few written instruments would be safe or secure.”
Malakoff v. Orson’s Inc. (107 N. Y. S. 2d 33) was an action to recover damages for false and fraudulent representations alleged to have been made by the defendants for the purpose of inducing the plaintiff to enter into a contract of subleasing, which contained a “merger clause.” The court in granting defendants’ motion for summary judgment dismissing the complaint, stated at page 34:
‘ ‘ The defendants urge that since the representations set forth in the complaint were oral, evidence thereof cannot, under the parol evidence rule, be introduced to vary the terms of th *537 e merger clause ’ above set forth. Consequently, a trial would be an idle gesture and they are, therefore, entitled to summary judgment.
“ Under well settled law, oral representations cannot be availed of to vary the terms of a written agreement. Lion Brewery of New York City v. Loughran, 223 App. Div. 623, 229 N. Y. S. 216; Cresta Blanca Wine Co. v. R. C. Williams & Co., Sup., 64 N. Y. S. 2d 548. Here the merger clause expressly states that the contract constituted the whole agreement between the parties and that there were ‘ no representations, warranties, terms, obligations or conditions other than herein contained, and no variation thereof shall be deemed valid unless signed by the parties with the same formalities as this lease. ’ How then may the plaintiffs introduce evidence of alleged oral representations which were not contained in the written agreement nor signed by the parties with the same formalities as that agreement was signed? ” (See, also, Spoken Realty Corp. v. Raddock, 150 N. Y. S. 2d 835.)
The cases cited by the attorney for the landlord are clearly not in point. In none of those cases was there a ‘ ‘ merger clause ”. Moreover, in most of those cases the parol evidence rule was sought to be invoked not to vary the terms of the written agreement, but rather to avoid the entire contract or debt. Certainly this is not the case here. The tenant has continued in possession and is not seeking a cancellation of the lease, which this court is without power to grant.
There remains but one issue left to be decided. That has reference to the certificate of occupancy covering the demised premises, which admittedly was procured by the landlord on October 5, 1956. Tenant’s rent commenced October 1, 1956, and although no claim is made in the answer for a return of rent for the period of October 1, 1956 through October 5, 1956, the point was raised during the trial by the attorney for the tenant.
In Wokal v. Sequin (167 Misc. 463, 465) the court in referring to section 302 of the Multiple Dwelling Law prohibiting the recovery of rent in a multiple dwelling until a certificate of occupancy is obtained, stated: “ The statute is an onerous and most drastic one (Central Park Plaza Corp. v. Monsky, 145 Misc. 688, 690), but does not declare the agreement of lease void. The statute, being a highly penal statute, must be strictly construed, and, therefore, may not be extended so as to grant to the tenant any right not expressly provided for. Concededly the tenant was in possession of the premises during the month of March, 1938, at the time of the trial and after the violation had been *538 removed. There is nothing indicated in the statute by way of penalty or otherwise that a tenant may recover rent already paid for use and occupation where the tenant was in possession after the removal of the violation. The court may not read into the statute a legal right to a recovery back of the rent paid. ’ ’
In Rasch on Landlord and Tenant (Vol. 2, § 1373, p. 1134), it is stated: “ The Statute does not declare the lease void, but only bars recovery of rent, or of possession for non-payment of rent, during the period of non-compliance with the law. After the landlord obtains the required certificate he may then either bring an action, or bring a summary proceeding for non-payment of the rent accrued thereafter. In such proceeding it has been held, however, that the tenant cannot counterclaim for the recovery of any rent he may have paid to the landlord during the period of non-compliance with the law.”
Additionally, and specifically, in the Pomponio matter, the landlord must prevail for the additional reason that the acts of the tenant in remaining in possession and paying the rent reserved in the lease for approximately three months after acquiring knowledge of the complained odor, constitute a waiver of this defense and an affirmation of the lease. (Pryor v. Foster, 130 N. Y. 171, 175; Barr v. New York Lake Erie & Western R. R. Co., 125 N. Y. 263, 277; Strong v. Strong, 102 N. Y. 69.)
The motion of the landlord to strike out the evidence and oral testimony of tenant, given in support of the affirmative defenses and counterclaims, is granted. Tenant’s motion made at the end of the case is denied.
Final order in favor of the landlord, and judgment dismissing tenant’s counterclaims.
Ten days’ stay.