In the Matter of K & G Co., Petitioner, *v.* PEDRO REYES, Respondent.

Civil Court of the City of New York, Trial Term, New York County, October 10, 1966.

*Jacques J. Katz* for petitioner. *Shyleur Barrack* and *Mark G. Fresco* for respondent.

ARNOLD L. FEIN, J. Landlord seeks to dispossess a statutory tenant of a rent-controlled apartment, after due notice requiring tenant to remove on the ground that tenant's occupancy is illegal, pursuant to subdivision c of section 52 of the New York City Rent, Eviction and Rehabilitation Regulations: "Occupancy of the housing accommodation by the tenant is illegal because of the requirements of law, and the landlord is subject to civil or criminal penalties therefor, or both".

Landlord relies on a notice of violation from the Department of Buildings of the City of New York, filed February 3, 1966, and served February 25, 1966, stating:

"These premises are listed as a two family house they are now occupied by three families:

"The fourth floor apartment is in disrepair. ✻ ✻ ✻

"Unable to gain access to other apartments.

"REMEDY: YOU ARE HEREBY DIRECTED TO repair and replace all defective materials and make apartment livable.

"Discontinue illegal occupancy forthwith."

Both sides rested on landlord's case, which established that the premises consist of two stores on the first floor, one occupied apartment each on the second, third and fourth floors, the latter occupied by respondent tenant. The stairway from the third floor leads directly to the door of respondent's fourth floor apartment, there being no landing.

Landlord conceded nothing was done to comply with the notice of violation except to repair the roof and plaster and paint tenant's apartment and to serve the subject notice of termina-

tion. It is undisputed that the records of the Department of Buildings designate the premises as a two-family house. Landlord contends it is subject to civil or criminal penalties by reason of the illegal occupancy and that the only procedure available is to remove this tenant.

The mere existence of a violation in and of itself does not entitle the landlord to an order of eviction under subdivision c of section 52 of the regulations. (*H. Casabianca, Inc.* v. *Connobbio,* 205 Misc. 380; *H. I. M. Props.* v. *Gross,* 6 Misc 2d 666.) The questions are whether it is the occupancy of this tenant which is illegal, and whether removal is the only available procedure to cure the illegality. It has not been demonstrated that this tenant's apartment is the one of the three which creates the illegal occupancy. Although the fact that this apartment is on the top (fourth) floor, which has no landing, is persuasive, it is not controlling. This is apparently the basis for the testimony of the Building Inspector, called by the landlord, that this tenant's occupancy is illegal. It is noted he is not the inspector who made the inspection.

The record is silent as to the order in which the three apartments were created, first occupied and occupied by the present tenants. Such evidence would be highly relevant in determining when, how and by whom the illegality was created. It has been held that a third-floor tenant could not be evicted where the evidence showed the extra apartment, resulting in three-family occupancy of a two-family house, was created on the second floor after the third floor tenant's occupancy began. (*Tompkins* v. *Kornfeld,* 186 Misc. 464.) That case holds that an occupancy, legal in its inception, cannot be made illegal by subsequent action of the landlord creating an additional apartment on another floor, even a lower floor.

Landlord acquired the premises in January of 1966, at a time when the tenant was in occupancy. Accordingly, although landlord did not create the violation, he is presumed to have taken title to the premises with notice thereof. (*H. I. M. Props.* v. *Gross, supra*; *Grier* v. *Fenty,* 13 Misc 2d 542; *816 Fifth Ave.* v. *Purdy,* 127 N. Y. S. 2d 695; *H. Casabianca, Inc.* v. *Connobbio, supra.*)

The notice of violation is equivocal. It notes five items of disrepair respecting the fourth-floor apartment, states the inspector was unable to gain access to the other apartments and directs the landlord to make the necessary repairs in the fourth-floor apartment and " make apartment livable ". Only then does it direct: " Discontinue illegal occupancy forthwith." The inspector made no finding as to the relationship among the

apartments, nor any direction as to which was required to be vacated. If the inspector was determining that it was the fourth-floor apartment which made the occupancy illegal, there would be little point to his direction to have the apartment repaired and made livable.

Landlord has failed to make the requisite showing that it is this tenant's occupancy which is illegal or creates the illegality. (*Tompkins* v. *Kornfeld, supra*; *Lennie* v. *Donahue,* 122 N. Y. S. 2d 510; *Schechter* v. *Osterman,* 121 N. Y. S. 2d 320.) This is not a case where some act or activity of the tenant creates the violation. In such case, landlord would obviously be entitled to relief.

Even assuming occupancy of this tenant's apartment created the illegality, landlord made no attempt to show there was not some way other than removal of the tenant to make the premises conform to the law, conceding that nothing had been done to accomplish that result. There was no proof of any effort to obtain a certificate of occupancy for three tenants by filing the requisite plans and application, or by way of structural change, nor that such procedure would not be physically, economically or legally feasible or possible. A landlord may not remove a tenant on the ground of illegal occupancy where the landlord himself created the illegality or took title with notice of an illegality created by a predecessor in title and the illegality is susceptible of cure without undue expense or difficulty. (*H. Casabianca, Inc.* v. *Connobbio, supra*; *816 Fifth Ave.* v. *Purdy, supra*; *H. I. M. Props.* v. *Gross, supra*.) Landlord offered no evidence tending to demonstrate it would be unduly burdensome or economically improvident to cure the violation and legalize the occupancy. Landlord has failed to establish that compliance cannot be effected without removal of the tenant, or that the tenant created the condition which resulted in the violation. *Chase Nat. Bank* v. *Tawaga* (204 Misc. 246) relied on by landlord, appears merely to hold that landlord's good faith or motives are not germane in a proceeding founded on tenants' " occupancy   *   *   *   in violation of law ". No such issue is raised or passed upon here.

It is not controlling that landlord may be subject to criminal penalties. The failure to obtain or to conform to a certificate of occupancy in and of itself is not an adequate foundation for dispossessing a tenant on the ground of illegal occupancy. Relief is not automatic. The landlord must demonstrate to the satisfaction of the court that the violation cannot be cured without removing the tenant, or that the violation was created by some act of the tenant. If there is a genuine safety or fire hazard not curable except by eviction of the tenants, the Depart-

610

ment of Housing and Buildings has a remedy (*People* v. *Broadway-Sheridan Arms,* 275 App. Div. 352; *Central Park Plaza Corp.* v. *Monsky,* 145 Misc. 688).

The landlord may have a remedy before the City Rent and Rehabilitation Administration under sections 54 or 59 of the regulations, or may be able to demonstrate inability physically, economically or legally to make the premises conform to the law or even that the violation was created by or continues by reason of some act of tenant.

Accordingly the petition is dismissed without prejudice to such other proceedings as landlord may be advised to take.