Richard S. Lane, J.
The primary mooted defense in this summary nonpayment proceeding was landlord’s failure to acquire and hold a proper certificate of occupancy, in violation of sections 301 and 302 of the Multiple Dwelling Law. It presents to the court a heretofore undetermined fact thereunder.
Tenant commenced her occupancy in 1965 pursuant to a lease, now expired. At that time, the building in which her premises are located was apparently a fully residential rent-controlled multiple dwelling under a proper certificate of occupancy. Thereafter, a new owner undertook to convert the lower floors of the building to professional medical offices. Plans were filed and approved, construction started, and at least some of the offices are presently occupied by doctors. When, before completion of the alterations, the building permit was revoked, there followed a flurry of legal and administrative activity, some of which is still pending, including filing of amended plans, application to the Board of Standards and Appeals for a zoning variance, notices of violation for occupancy without a new certificate of occupancy, and other matters, and Criminal Court proceedings. In the midst of the confusion, respondent, one of the two remaining residential tenants in the building, harassed by the construction work, decided to withhold rent. Whereupon, this nonpayment proceeding was instituted. Respondent interposed various defenses, including sections 301 and 302 of the Multiple Dwelling Law as aforesaid, and counterclaimed for damages for negligence and violation of the covenant of quiet enjoyment. At the commencement of the trial, respondent withdrew her counterclaim without prejudice to its renewal in a plenary action.
Section 301 makes unlawful the occupancy of a multiple dwelling in whole or in part until a certificate of occupancy has been issued. Section 302 provides certain sanctions for violation thereof, amongst them a bar to the collection of rent or the maintenance of an action or special proceeding therefor.
Certainly, where a landlord constructs or converts to a multiple dwelling, said sections of the law stand in the way of his collection of rent until a certificate or a new certificate of occupancy has been issued. The cases are legion, some of them cited by tenant, which support this proposition (Baum Residence Corp. v. Van Rosson, 206 Misc. 314; Guarino v. Timares, 196 Misc. 414, mot. for lv. to app. den. 276 App. Div. 847; Carmel v. Appleton, 127 N. Y. S. 2d 268; Waters v Panzella, 100 N. Y. S. *74 2d 214; Schwarzkopf v. Buccafusca, 98 N. Y. S. 2d 42; Silimar Estates v. Bien, 165 Misc. 239).
Said sections of the law are also clearly applicable where a landlord alters a multiple dwelling to create an additional residential apartment not covered by the existing certificate of occupancy, and the proceeding concerns the newly created apartment (Wesbuild Realty Co. v. Steinegger, N. Y. L. J., June 4, 1969, p. 24, col. 7); but, see to the contrary, where the alteration merely adds a room to an existing apartment (941 Park Ave. Corp. v. Fried, 148 Misc. 137).
Are said sections of the law applicable where a landlord, as in the instant case, does not add to but, instead, reduces existing residential space and this proceeding does not concern any of the altered space? No court has directly faced this fact pattern. In Matter of Herzog v. Thompson (50 Misc 2d 488) Judge Santahstgelo of this court allowed recovery of rent despite failure to obtain a new certificate of occupancy, but there the building was never a multiple dwelling. In 4248 Development Corp. v. Glantzman (N. Y. L. J., Dec. 13, 1968, p. 2, col. 6) the Appellate Term, First Department, allowed recovery of rent, but there the issue did not involve a certificate of occupancy but merely alterations without requisite approval (see Central Park Plaza Corp. v. Monsky, 145 Misc. 688).
I am persuaded, however, by the rationale of these cases and a consideration of the Multiple Dwelling Law as a whole, to answer the question I posed in the negative and to dismiss tenant’s affirmative defense.
The purpose of the Multiple Dwelling Law is to assure residents of safe, sound and approved construction of their homes as evidenced by a duly issued certificate of occupancy (Multiple Dwelling Law, § 2). That purpose has been achieved in the instant case, at least insofar as tenant is concerned. The alterations upon which the authorities have been frowning in no way affect the structure of tenant’s home and same has been approved under the existing certificate of occupancy. To the extent that she has been inconvenienced and damaged during construction, she has her remedies. But it would be a harsh and inequitable result to add abatement of rent to her remedies pursuant to sections 301 and 302 which were intended to cover completely different circumstances (see Wokal v. Sequin, 167 Misc. 463; Bridge Hardware Co. v. Mayer, 131 N. Y. S. 2d 823).
Tenant also defends on the ground of rent-impairing violations under section 302-a of the Multiple Dwelling Law. Perhaps failure to obtain a certificate of occupancy is amongst such violations as promulgated by the Department of Housing and Build *75 ings and perhaps there are other such violations affecting the building, but tenant has completely failed in the proof as required by said section 302-a (subd. 3, par. c).
Finally, tenant defends on the ground of a false certificate of registration under section 325 of the Multiple Dwelling Law and sections D26-41.01 and D26-41.03 of the Administrative Code of the City of New York. I find, however, that the certificate filed by landlord is in substantial compliance. That it contains surplus information and leaves some confusion as to which one of those named therein is the agent of the building is again not enough to invoke the harsh sanction of abatement of rent.
These determinations render it unnecessary for me to pass upon landlord’s contention that all of the sections of the law relied upon by tenant are inapplicable because, by virtue of the alterations, the building is no longer a multiple dwelling.
Landlord may have a final order of possession and judgment for the arrears in rent as prayed for in its petition. Entry and execution of warrant hereunder shall be stayed for five days.