Per Curiam.

The tenant herein successfully defended these nonpayment summary proceedings upon the principal contention that the landlord failed to acquire a certificate of occupancy, in violation of sections 301 and 302 of the Multiple Dwelling Law. Assuming arguendo that the subject premises constitute a multiple dwelling (see Multiple Dwelling Law, § 4, subd 7; Matter of Herzog v Thompson, 50 Misc 2d 488), the defense is inapplicable to the instant case. Section 302 is a penal statute in derogation of the common law and should be strictly construed so that a landlord is not deprived of rent due for the use and occupation of his property (Wokal v Sequin, 167 Misc 463; Matter of Herzog v Thompson, supra; Washington Sq. Professional Bldg. v Leader, 68 Misc 2d 72). The premises in question were constructed prior to the statutory requirement for certificates of occupancy. Their occupation, legal in inception, did not become illegal by virtue of a subsequent alteration made without requisite permission, so as to constitute a defense under the Multiple Dwelling Law to a tenant remaining in possession against the landlord’s demand for rent, especially where the alteration did not adversely affect the habitability of the structure and the occupation of the premises is not otherwise criminal or illegal (941 Park Ave. Corp. v Fried, 148 Misc 137 [App Term, 1st Dept.]; Tompkins Sq. Holding Co. v Gilson, 167 Misc 77; Washington Sq. Professional Bldg. v Leader, supra; see, also, Chatsworth 72nd St. Corp. v Rigai, 71 Misc 2d 647, affd 74 Misc 2d 298, affd 43 AD2d 685, affd 35 NY2d 984).
With respect to the abatement of rent for breach of the implied warranty of habitability, the doctrine’s application may not be extended to the fact pattern at bar involving a corporate tenant taking the premises "as is” under a commercial lease (cf. Real Property Law, § 235-b; Tonetti v Penati, 48 AD2d 25; B.L.H. Realty Corp. v Cruz, NYLJ, May 20, 1975, p 2, col 3). In any event, the nature of the conditions here complained of hardly goes to the essence of habitation or suggests substantial interference with useful enjoyment.
The landlord violated the express provisions of the lease by *341 failing to deposit tenant’s security in an interest-bearing account upon the expiration of the tenant’s option to purchase. However, inasmuch as there is no evidence of commingling, the landlord does not forfeit the security (Matter of Perfection Tech. Servs. Press, 22 AD2d 352, affd 18 NY2d 644; Purfield v Kathrane, 73 Misc 2d 194). On the other hand, the tenant is entitled to set off the amount of legal interest due against the landlord’s claim for rent.
The award for counsel fees to tenant necessarily falls with the granting of final judgment to the landlord (Real Property Law, § 234). We have examined tenant’s remaining defenses and counterclaims and find them to be without merit.
Final judgments and orders entered September 19, 1975 (Andreacchi, H. O.) reversed, with $30 costs, application for counsel fees denied, counterclaim relating to the security deposit granted to the extent only of awarding tenant legal interest thereon from January 1, 1975, all other counterclaims dismissed, and final judgments directed in favor of landlord as prayed for in the petitions, with costs, less the amount of legal interest accruing on tenant’s security deposit since January 1, 1975.
Issuance of the warrants shall be stayed for a period of 15 days from the date of service of a copy of the orders to be entered hereon with notice of entry.
Concur: Frank, J. P., Hughes and Fine, JJ.