Martha Zelman, J.
Landlord petitioner, Stanley Associates (hereinafter referred to as landlord) brings an action in summary proceedings against tenants respondents Hermogines Marrero and Maria Marrero (hereinafter referred to as tenant) for nonpayment of rent for the months of July and August, 1976, in sum of $570 for a second-floor apartment at 57-51 Granger Street, Corona, New York.
Tenant interposes two defenses; namely one: this building is a multiple dwelling that has no registration number as required by section D26-41.01 (subd b, par [1]) of the Administrative Code of City of New York: "A registration statement shall be filed * * * for every existing multiple dwelling.”
Tenant alleges landlord’s action is barred by subdivision b of section D26-41.21 of the Administrative Code of City of New York: "An owner who is required to file a statement of registration under this article and who fails to file as required shall be denied the right to recover possession of the premises for non-payment of rent during the period of non-compliance and shall, in the discretion of the court, suffer a stay of proceedings to recover rents, during such period.”
Tenant’s second defense is landlord’s noncompliance with the following laws; subdivision 1 of section 301 of the Multiple Dwelling Law: "No multiple dwelling shall be occupied in whole or in part until the issuance of a certificate by the department that said dwelling conforms in all respects to the requirements of this chapter”.
Section 302 (subd 1, par b) of the Multiple Dwelling Law: "No rent shall be recovered by the owner of such premises for said period, and no action or special proceeding shall be maintained therefor, or for possession of said premises for non-payment of such rent.”
Landlord concedes noncompliance with section 301 of the Multiple Dwelling Law and section D26-41.01 of the Administrative Code of City of New York in that there is no multiple dwelling certificate of occupancy or registration number.
Subdivision b of section D26-41.21 of the Administrative Code of City of New York does not preclude an action for nonpayment of rent when a multiple dwelling has no certifi *1013 cate of occupancy or registration number but states that the landlord may "in the discretion of the court, suffer a stay of proceedings to recover rents” (emphasis added).
In the instant case, building inspector Joseph Noto testified that premises herein had a certificate of occupancy for one-family residential use for the second and third floors, but not for the first floor. Because there was no certificate of occupancy for the first-floor apartment, a violation was placed on the entire building. Tenant failed to prove he was inconvenienced or his health or safety was in danger because of the violation. Tenant knew first-floor apartment was occupied when he rented his apartment and while he resided there for three years. Suddenly, tenant uses these sections to avoid payment of two months’ rent. The court in its discretion denies tenant’s motion to dismiss on this defense.
Second defense raised by tenant is motion to dismiss proceeding pursuant to section 302 (subd 1, par b) of the Multiple Dwelling Law.
A statute prohibiting recovery of rent for and disposition of a tenant from a multiple dwelling by a landlord who has failed to obtain a certificate of occupancy is "highly penal * * * must be strictly construed, and therefore, may not be extended so as to grant to the tenant any right not expressly provided for.” (Multiple Dwelling Law, § 302, as stated in Wokal v Sequin, 167 Misc 463, 465.)
Purpose of the Legislature in promulgating Multiple Dwelling Law is to alleviate health, safety, and construction hazards encountered by residents of multiple dwellings. (See Multiple Dwelling Law, § 2; Noyes v Wulson, 181 Misc 481; People v Fogel, 197 Misc 43.) The purpose of the Multiple Dwelling Law as stated in Washington Sq. Professional Bldg. v Leader (68 Misc 2d 72, 74), "is to assure residents of safe, sound and approved construction of their homes as evidenced by a duly issued certificate of occupancy”.
Tenant failed to prove in any way landlord had not complied with the underlying purpose of the statute. This court finds the rent withholding sanction is not available to a tenant who is merely using the violation to unjustly enrich himself.
Failing to convince the court that these defenses are plausible tenant in the alternative alleges payment of July rent in cash. Tenant fails to meet burden of proving same.
*1014 Judgment for landlord in sum of $570. Execution of warrant stayed for 10 days.