OPINION OF THE COURT
Carol H. Arber, J.
Defendant Arthur Hecht filed a motion to dismiss the summons issued by the Buildings Department charging him with a violation of section C26-121.5 of the Administrative Code of the City of New York. Specifically he is charged with changing the occupancy of his apartment to a doctor’s office without securing a change in the certificate of occupancy.
Before addressing the legal issues presented here, it is important to examine the facts. Dr. Hecht, the defendant, and his wife Pauline G. Hecht (also a physician) are and have been tenants of apartment 2H at 201 East 19 Street since 1959, when the building was completed. They rented the apartment for the express purpose of using it as a medical office as set forth in the original lease, and they have continued to maintain their practice in that location for the past 25 years.
At the time defendant Hecht and his wife entered into the lease, the section of the Administrative Code relied on *602 by the People was not in effect. In 1968, the Administrative Code was amended to require a new certificate of occupancy in the event there is a change in use: “No change shall be made in the occupancy or use of an existing building which is inconsistent with the last * * * certificate of occupancy for [the] building * * * unless a new certificate of occupancy is issued by the commissioner” (Administrative Code, § C26-121.5, subd [a]).
The People urge that the current occupancy of the premises is contrary to the last issued certificate of occupancy dated October 30, 1959. There are two problems with that argument. First, at the time the certificate of occupancy was issued, the use referred to in the . summons was legal and remained so until 1968. Second, the landlord entered into the lease with defendant Hecht on September 16, 1959, prior to the effective date of the certificate of occupancy which is October 16, 1959. Thus, it is clear that defendants, who have been in the building for 25 years and have used the apartment for the same purpose all that time, have not changed the “occupancy or use” within the meaning of section C26-121.5 of the Administrative Code.
Even if defendant had changed the use since 1959 when he moved in, the defendant urges that the summons fails to name the necessary parties. Since it is conceded by the Buildings Department that defendant is one of the tenants and not the owner, the question is whether the defendant is the proper party. Put another way, the question is whether this defendant, even if found guilty of this charge, would be in a position to remedy the situation by securing an amendment to the certificate of occupancy.
Section C26-121.8 of the Administrative Code states that an application for a certificate of occupancy must be made by an owner or someone authorized by the owner to make the application. Since the defendant here is a tenant and not the owner, it is clear that he is not the appropriate party to seek a change in the certificate of occupancy.* (Matter of K&G Co. v Reyes, 52 Misc 2d 606.)
In a recent case much on point, this court found that the tenant was the wrong defendant and that the proper defen *603 dant would be the landlord. (People v Carty, NYLJ, Aug. 16, 1984, p 6, col 3.) In dismissing that case for lack of a proper defendant, the court commented on the problem of imposing criminal sanctions in such a case without the right defendant.
In the instant case even if the proper parties were before the court, it is clear that the Buildings Department would not have any basis for proceeding on this charge, nor any foundation to its argument that this complaint is pursued to protect the public. Defendant points out that not only have he and his cotenant wife been responsible tenants for a 25-year period, but there has never been any complaint about their presence from any other tenant in the building.
Since the Buildings Department has not established a change in use nor served the proper parties this matter is being dismissed. In so doing the court cannot help but observe that the Buildings Department, urging that it seeks to protect the public, might be well advised to direct some of its admittedly spare resources to situations where the conditions in the building imperil the health, safety and welfare of the tenants instead of cases such as this where it appears that no harm to anyone except the defendant has been done.

 Even if defendant were the proper person, as he is a cotenant, he could not seek such a change without his colessee.