OPINION OF THE COURT
Per Curiam.
Order entered November 16, 1989 (Alice Schlesinger, J.), modified by granting summary judgment to petitioner dismissing tenants’ counterclaims for reimbursement of rent previously paid; as modified, order affirmed, without costs.
These consolidated nonpayment proceedings against two loft tenants in a building zoned for light manufacturing use were commenced in May 1989. Previously, in February 1985, shortly after petitioner acquired the building, the New York City Planning Commission had certified these lofts and two others located in the building for residential loft occupancy under the "grandfathering” provision of the New York City Zoning Resolution (NY City Zoning Resolution § 15-215). This constituted the requisite "administrative certification” for coverage under the Loft Law (Multiple Dwelling Law § 281 [2] [i]; see, 150 W. 26th St. Corp. v Galowitz, 121 AD2d 214, 216-217). Subsequently, however, in connection with petitioner’s application for final approvals from the New York City Planning Commission and Board of Standards and Appeals, peti *630 tioner elected to attempt to obtain simultaneous residential certification of two additional, nongrandfathered lofts. This attempt failed, apparently because of the refusal of the mortgagee of the building to consent to the removal of the non-grandfathered units from the commercial market. Petitioner’s application for local certification was thereafter terminated in October 1988.
Thus, even assuming that the 36-month period for legalization of the lofts sub judice began to run in February 1985, at the time the grandfathering approval was obtained (Multiple Dwelling Law § 284 [1]), that period had expired without a certificate of occupancy having issued at the time these nonpayment proceedings were commenced. Moreover, petitioner had made no application to the Loft Board for an extension of time to obtain a certificate. In this posture, the dismissal with prejudice of the nonpayment petitions by the Civil Court was correct.
Petitioner is not in compliance with the owner obligation provisions of the Loft Law and has not taken "all reasonable and necessary action” to secure a certificate of occupancy (County Dollar Corp. v Douglas, 160 AD2d 537; Multiple Dwelling Law § 284 [1]). The argument that petitioner has been precluded from legalizing the lofts at issue by events beyond its control is not supported by the record. Rather, petitioner’s inability to timely comply with the owner obligation provisions arises from its own decision to seek the certification by local authorities of residential use of six lofts after it had previously obtained approval for the grandfathering of only four units, including those tenanted by the respondents. The lack of consent of petitioner’s mortgagee, required for a certification of the residential use of the additional two non-grandfathered units under the applicable zoning regulation, does not excuse petitioner’s failure to comply with the statute. Petitioner was advised by the Board of Standards and Appeals in December 1986 that it could obtain legalization for the four grandfathered units if it deleted the nongrandfathered units from its application. As found below, "the petitioner chose [to] not follow this course of action through which the residentially occupied loft units could be brought into compliance with the minimum housing standards of a class A multiple dwelling.”
With , respect to tenants’ counterclaims for reimbursement of rent previously paid, we search the record and grant summary judgment to petitioner (CPLR 3212 [b]). Since resi *631 dential use of the grandfathered lofts had been certified, tenants’ past rent payments, voluntarily made with knowledge thereof and without objection, constitute a ratification that the housing provided was both safe and habitable. Section 302 of the Multiple Dwelling Law, which is penal in nature and is to be strictly construed, does not by its terms provide for the recovery of rent previously paid for use and occupancy (Wokal v Sequin, 167 Misc 463; Coulston v Teliscope Prods., 85 Misc 2d 339). The statute should be harmoniously construed with section 325, which does not allow for the recovery back of rent voluntarily paid in related circumstances where the requisite multiple dwelling registration statement was not filed (Multiple Dwelling Law § 325 [2]).