[908 NYS2d 523]

Yolanda Pickering, Respondent, v Eric Chappe et al., Appellants.

Supreme Court, Appellate Term, Second Department, August 2, 2010

### APPEARANCES OF COUNSEL

*Eric Chappe*, appellant pro se. *Maria Chappe*, appellant pro se.

### OPINION OF THE COURT

MEMORANDUM.

Ordered that the judgment, insofar as appealed from, is reversed, without costs, and plaintiff's cause of action is dismissed.

In this small claims action, plaintiff seeks to recover, among other things, an $850 security deposit that she gave defendants, her former landlords. Defendants counterclaimed for, among other things, unpaid rent for January, February and March 2007. The evidence at trial showed that the parties had entered into an agreement pursuant to which defendants had agreed to forgo January and February 2007 rent and to refund the security deposit if plaintiff moved out no later than March 1, 2007. After trial, the Civil Court found that plaintiff had failed to prove that she moved out by March 1, 2007, but nevertheless awarded plaintiff the return of her security deposit and dismissed defendants' counterclaims based on a finding that rent could not be recovered because the apartment was an illegal apartment in a one-family house (*see also Fazio v Kelly*, 2003 NY Slip Op 51276[U] [Civ Ct, Richmond County 2003, Straniere, J.]). Defendants appeal, as limited by their brief, from so much of the judgment as awarded plaintiff the $850 security deposit.

Contrary to the Civil Court's ruling, there is no bar to the recovery of rent when a dwelling that has a certificate of occupancy as a one-family dwelling contains an illegal apartment. It is only in the Multiple Dwelling Law that the Legislature has seen fit to impose a forfeiture of rent as a penalty. The Multiple Dwelling Law applies only to buildings occupied or intended to be occupied as the residence of three or more families living independently of each other (Multiple Dwelling Law § 4 [7]; *Rosario v Koss*, 26 AD2d 561 [1966]). In the instant matter, while there was proof that the one-family house contained an illegal apartment, there was no proof that it constituted a multiple dwelling. Thus, the rent forfeiture provisions of the Multiple Dwelling Law (Multiple Dwelling Law § 302 [1] [b]; § 325 [2]),

which are to be strictly construed (*see Goho Equities v Weiss*, 149 Misc 2d 628, 631 [App Term, 1st Dept 1991]; *Coulston v Teliscope Prods.*, 85 Misc 2d 339, 340 [App Term, 1st Dept 1975]; *Wokal v Sequin*, 167 Misc 463 [1938]), are inapplicable here. Consequently, defendants were not precluded from recovering rent for the months in which plaintiff resided in the apartment (*see Shius Chu Lu v Amaral*, NYLJ, Oct. 27, 1995, at 35, col 2 [App Term, 2d & 11th Jud Dists] [since the Multiple Dwelling Law bar to the recovery of rent is applicable only to multiple dwellings, there is no bar to the recovery of rent when a one-family house is used as a two-family house]; *see also Schweig-hofer v Straub*, 23 Misc 3d 132[A], 2009 NY Slip Op 50730[U] [App Term, 9th & 10th Jud Dists 2009] [the absence of a certificate of occupancy did not afford a basis for the return of a security deposit]; *Corbin v Briley*, 192 Misc 2d 503 [App Term, 9th & 10th Jud Dists 2002] [the absence of a certificate of occupancy did not bar the recovery of rent since the Multiple Dwelling Law is not applicable in Yonkers]; *Tuzel v Reilert*, NYLJ, Dec. 3, 1996, at 26, col 3 [App Term, 9th & 10th Jud Dists]; *cf. 346-52nd Realty, LLC v La Estancia, Ltd.*, 7 Misc 3d 134[A], 2005 NY Slip Op 50684[U] [App Term, 1st Dept 2005] [a violation of a certificate of occupancy does not relieve a commercial tenant of the obligation to pay rent]; *cf. also Sethi v Naman*, 24 Misc 3d 131[A], 2009 NY Slip Op 51362[U] [App Term, 9th & 10th Jud Dists 2009] [a tenant was not liable for *future* rents because she was within her rights in cancelling the lease and moving out when the premises did not conform to the certificate of occupancy]). Under the circumstances, defendants were entitled to retain the security deposit as a setoff against the rents owed. Accordingly, as substantial justice was not done between the parties according to the rules and principles of substantive law (*see* CCA 1807), the judgment, insofar as appealed from, is reversed and plaintiff's cause of action dismissed.

WESTON, J.P., GOLIA and STEINHARDT, JJ., concur.