OPINION OF THE COURT
Per Curiam.
Order dated August 10, 2012, insofar as appealed from, reversed, with $10 costs, tenant’s motion denied, and petition reinstated. Appeal from order dated October 17, 2012, insofar as appealable, dismissed, without costs, as academic.
The underlying nonpayment proceeding is not ripe for summary dismissal, in view of tenant’s failure to establish, as a matter of law, the applicability of the. rent forfeiture provisions of Multiple Dwelling Law § 302 as a complete defense to the landlord’s facially viable rent claim. The building premises here involved were constructed at the turn of the twentieth century, at a time when no certificate of occupancy was required (see former Administrative Code of City of NY § 27-215), and the existing record is bereft of evidence that the 1981 alteration work undertaken in the building’s cellar area by the predecessor owner adversely affected the habitability of the structure or rendered tenant’s occupancy of his first-floor apartment criminal or illegal (see Coulston v Teliscope Prods., 85 Misc 2d 339, 340 [1975]; see also Arnav Indus., Inc. v Pitari, 82 AD3d 557, 558 [2011], lv dismissed 19 NY3d 1021 [2012]). In the absence of any such showing of illegality or a habitability impairing condition, it does not avail tenant that the Buildings Department has determined that the cellar alterations necessitated the issuance of a certificate of occupancy for the building premises or that no such certificate has yet been issued (see Hakim v Von *10 Walstrom, 198 AD2d 139 [1993], revg NYLJ, July 29, 1992 at 21, col 5 [App Term, 1st Dept 1992], for reasons stated by Spires, J., NYLJ, Jan. 31, 1991 at 27, col 5 [Civ Ct, NY County 1991]). On this record, the appropriate remedy for any such violation lies with the enforcement arm of the Buildings Department, and not a court-sanctioned windfall to the tenant in the form of a rent moratorium.
Hunter, Jr., J.E, Schoenfeld and Shulman, JJ., concur.