Maria Mateo, Plaintiff-Respondent, 
against
Julius Anokwuru, Defendant-Appellant.



Defendant appeals from a judgment of the Civil Court of the City of New York, Bronx County (Donald A. Miles, J.), entered on or about February 12, 2016, after a nonjury trial, in favor of plaintiff and awarding her damages in the principal sum of $24,810.




Per Curiam.
Judgment (Donald A. Miles, J.), entered on or about February 12, 2016, reversed, without costs, and matter remanded for a new trial on damages.
Plaintiff-tenant leased a studio apartment in a house owned by defendant-owner. Defendant subsequently relocated plaintiff to a basement "apartment" in the house, which was not a legal residential unit. In March 2014, the New York City Department of Housing Preservation and Development's (HPD) issued a vacate order requiring plaintiff to vacate the basement unit within one day. This action arises from plaintiff's residence in that basement unit.
A fair interpretation of the evidence supports the trial court's conclusion that the conditions in the basement were "deplorable and disgusting." However, the court applied an incorrect measure of damages when it awarded tenant a refund of some 35 months of rent. Having received the benefit of shelter, plaintiff is not entitled to recover the rent paid (see Elkar Realty Corp. v Kamada, 6 AD2d 155 [1958]; Goho Equities v Weiss, 149 Misc 2d 628 [App Term, 1st Dept 1991]; Schotz-Powers Co., Inc. v Treidler, 128 Misc 466 [App Term, 1st Dept 1926]).
When the warranty of habitability is breached, a tenant may seek an abatement irrespective of whether the unit is a lawful dwelling. The correct measure of damages for breach of the warranty of habitability "is the difference between the fair market value of the premises if they had been as warranted, as measured by the rent reserved under the lease, and the value of the premises during the period of the breach" (Park W. Mgt. Corp. v Mitchell, 47 NY2d 316, 329 [1979], cert denied 444 US 992 [1979]). The matter is remanded for a new trial limited to the issue of damages.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: October 11, 2017