Stines v Bowins (2021 NY Slip Op 51236(U))

[*1]

Stines v Bowins

2021 NY Slip Op 51236(U) [73 Misc 3d 144(A)]

Decided on December 16, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on December 16, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : TERRY JANE RUDERMAN, P.J., ELIZABETH H. EMERSON, TIMOTHY
S. DRISCOLL, JJ

2019-1748 S C

Lisa Stines, Respondent,
against
Gary Bowins, Appellant, Barbara Bowins, Also Known as Barbara
Reingold, Defendant. 

Gary Bowins, appellant pro se.
Lisa Stines, respondent pro se (no brief filed).

Appeal from a judgment of the District Court of Suffolk County, Sixth District (James P.
Flanagan, J.), entered January 31, 2019. The judgment, insofar as appealed from, after a nonjury
trial, awarded plaintiff the principal sum of $2,493.12 as against defendant Gary Bowins.

ORDERED that the judgment, insofar as appealed from, is reversed, without costs, and the
action is remitted to the District Court for a new trial as against defendant Gary Bowins.
Plaintiff commenced this small claims action against her former landlord, defendant Gary
Bowins (defendant), and Barbara Bowins to recover, insofar as is relevant to this appeal, a
portion of her security deposit in the amount of $2,950. After a nonjury trial, the District Court
awarded plaintiff the principal sum of $2,493.12 as against defendant, representing the balance of
her security deposit after awarding defendant a credit for filling an oil tank at the premises.
During the trial, defendant sought an offset, claiming both that plaintiff had caused more
than normal wear and tear to the premises and that she owed rent for October 2016. The court
told defendant that his claim for October rent could not be considered because he had not timely
interposed a counterclaim. In seeking to prove that defendant was not entitled to retain her
security deposit to cover damage to the premises, plaintiff testified that defendant had previously
commenced a small claims action against a prior tenant of the apartment, over which the same
judge had presided. The District Court retrieved the file from that case and, sua sponte, "added to
the instant matter 3 photos submitted in [that] prior case," finding that "these photos fully
support" plaintiff's claim that the damages to the premises alleged by defendant existed at the
[*2]time plaintiff moved in.
In a small claims action, our review is limited to a determination of whether "substantial
justice has . . . been done between the parties according to the rules and principles of substantive
law" (UDCA 1807; see UDCA 1804; Ross v Friedman, 269 AD2d 584 [2000];
Williams v Roper, 269 AD2d 125, 126 [2000]).
While defendant's failure to interpose a counterclaim to recover the October rent precluded
him from obtaining a judgment for that amount, a landlord is generally entitled to claim unpaid
rent as an offset in an action by a tenant to recover a security deposit, even in the absence of a
counterclaim (see e.g. Johnson v
Marcano, 59 Misc 3d 134[A], 2018 NY Slip Op 50496[U] [App Term, 2d Dept, 2d,
11th & 13th Jud Dists 2018]; Pickering v Chappe, 29 Misc 3d 6 [App Term, 2d Dept, 2d, 11th
& 13th Jud Dists 2010]; Urena v
Good Home Realty, Inc., 6 Misc 3d 131[A], 2005 NY Slip Op 50085[U] [App Term, 2d
Dept, 9th & 10th Jud Dists 2005]). The court's ruling prevented either party from addressing
the issue of the October rent. Furthermore, we agree with defendant that the District Court should
not have, sua sponte and without prior notice to the parties, brought evidence from another case
into this trial which formed, at least in part, the basis for the court's finding in favor of plaintiff.
Under the circumstances, we find that substantial justice was not done between the parties
according to the rules and principles of substantive law (see UDCA 1804, 1807; Ross
v Friedman, 269 AD2d 584; Williams v Roper, 269 AD2d 125), and that a new trial
is required.
We reach no other issue.
Accordingly, the judgment, insofar as appealed from, is reversed and the action is remitted to
the District Court for a new trial as against defendant Gary Bowins.
RUDERMAN, P.J., EMERSON and DRISCOLL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 16, 2021