I. H. P. CORP., Respondent, *v.* 210 CENTRAL PARK SOUTH CORP. et al., Appellants.

First Department, June 12, 1962.

*Sylvan D. Freeman* of counsel (*Robert D. Cole* with him on the brief; *Dreyer & Traub,* attorneys), for appellants.

*Copal Mintz* for respondent.

BREITEL, J. P. The principal issue is whether punitive damages may be awarded in an action for an injunction and ancillary compensatory damages. Lesser issues are also raised concerning the amount of damages awarded, both compensatory and punitive.

Plaintiff, a tenant restaurant operator in a building owned by one of the corporate defendants and managed by the other, sued to restrain all three defendants from interfering with its occupation and to recover damages sustained when defendants, on two occasions, attempted to bar plaintiff from the leased premises. The individual defendant was alleged to have instigated and directed the interference.

Extended discussion of the facts is not necessary, for defendants do not seriously challenge the sufficiency of the proof except as to the amount of actual damages. It suffices to say that after sending a notice purporting to cancel plaintiff's lease on the ground that the premises had become vacant, defendants twice broke into the premises during the nighttime and attempted to bar plaintiff's re-entry. The first time, the windows and entrances were boarded up and the electric fuses removed. The second time, steel bars and plates were welded to the door and window frames. The purported lease cancellation was without justification and the two intrusions, as the trial court properly concluded, amounted to defendants' taking the law into their own hands.

The complaint, alleging the lack of adequate remedy at law, prayed for a permanent injunction against further interference with plaintiff's occupancy and treble the actual damages occasioned by defendants' unlawful entries. The action was tried without a jury, and at the close of plaintiff's case an amendment to the complaint was allowed, which alleged that the acts of interference were "wilful, malicious and wanton." The prayer was amended to include a claim for exemplary damages.

The trial court granted a permanent injunction and awarded damages of $21,074. The sum of $5,268.50 was awarded as compensatory damages, and treble that amount, thus quadrupling the assessment, was added as exemplary damages.

As will be seen, the compensatory damages must be reduced, but the award of exemplary, or punitive, damages, adjusted to bear a proper relation to the reduced actual damages, may be sustained.

It should be noted, at the outset, that the weight of authority in this State and elsewhere has, in the past, forbidden punitive damage awards in actions in which equitable relief is sought. The reasons are rooted in the historic procedural separation between law and equity — a separation which, in large measure, is no longer sustainable under modern code practice. Although the abolition of the ancient forms of action has not eliminated the several legal and equitable principles separately governing judicial remedies, it has removed outmoded procedural barriers against awarding complete relief in a single action.

The rule which would forbid the combination of equitable relief with an award of punitive damages, was followed by this court in *Dunkel* v. *McDonald* (272 App. Div. 267, affd. on other issues as limited by stipulation of the parties 298 N. Y. 586). This issue, notably, has not been passed upon by the Court of Appeals. In the *Dunkel* case reliance was placed upon two nisi prius and two Federal court decisions (*Witkop & Holmes Co.* v. *Great Atlantic & Pacific Tea Co.*, 69 Misc. 90; *Winthrop Chem. Co.* v. *Blackman*, 159 Misc. 451; *United States* v. *Bernard*, 202 F. 728, 732; *Taylor* v. *Ford Motor Co.*, 2 F. 2d 473, 474). In none of these was the rationale for the rule explored. More particularly, no effort was made in the New York cases to reconcile the rule with section 8 of the Civil Practice Act (cf. CPLR, § 103, eff. Sept. 1, 1963), which provides that the distinction between actions at law and suits in equity, and the forms of those actions and suits, have been abolished.

In other jurisdictions, some of which have similar statutory provisions, the rule has been similarly applied, although the authorities are far from unanimous (see cases collected in

Ann. 48 A. L. R. 2d 947, Punitive Damages — Award by Equity; 25 C. J. S., Damages, § 117, p. 709).

Several reasons have been assigned for the rule. First, in *Dunkel* v. *McDonald* (*supra*) and the cases cited there, it was said that a court of equity has no power to award punitive damages (see, also, *Coca-Cola Co.* v. *Dixi-Cola Labs.*, 155 F. 2d 59, 63, 64, cert. denied 329 U. S. 773, and other authorities cited in Ann. 48 A. L. R. 2d 951–953, *supra*). This presupposes that courts still sit exclusively either as equity or law courts and cannot act in both roles at the same time in the same case. By statute, however, legal and equitable causes of action may be joined in the same complaint (Civ. Prac. Act, § 258). Moreover, it has long been true that where the proof under a complaint alleging only a claim for equitable relief establishes the right to a legal remedy, that remedy may be granted even though the equitable relief is not warranted (*Sternberger* v. *McGovern*, 56 N. Y. 12, 20–21; *April Prods.* v. *G. Schirmer, Inc.*, 284 App. Div. 639, 642–644, revd. on other grounds 308 N. Y. 366; see, also, *City of Syracuse* v. *Hogan*, 234 N. Y. 457). Of course, there is still preserved the right to a jury trial of legal causes, if demanded, but that will ordinarily pose no practical difficulty, and the two causes may readily be tried at the same time.* In sum, the plea that an equity court lacks power to award punitive damages does not answer the question whether a modern-day court, empowered and directed to dispense both equitable and legal relief in the same action, may award punitive damages and also grant a permanent injunction.

Another argument, or rather, conclusion, is that punitive damages are incompatible with equitable principles, although this appears, largely, as an outgrowth of the procedural separation rather than as an independent substantive rule (see, e.g., *Livingston* v. *Woodworth*, 15 How. [56 U. S.] 546, 559; *Superior Constr. Co.* v. *Elmo*, 204 Md. 1; Ann. 48 A. L. R. 2d 933, and cases cited 953–954). The equitable principle with which an award of punitive damages would purportedly conflict is that equity will not enforce a penalty or forfeiture but will only award that which is, *ex aequo et bono*, or justly, due. The full force of such a principle, as applied to punitive damages, would not only preclude their recovery in an action for equitable relief but would also bar recovery in any other action, for such would amount to splitting a single cause of action (*Maflo Holding Corp.* v. *S. J. Blume, Inc.*, 308 N. Y. 570, 574–575; *Hahl* v. *Sugo*, 169 N. Y. 109).

---

* Moreover, in the instant case, the lease provided for waiver of a jury trial in any matters connected with the tenant's occupancy.

But, to repeat, the consequence last discussed is governed by procedural forms rather than reason or principle. It is one thing to deny legal relief in a court of equity. It is quite another for the equity side of the court to reach across the invisible line and forbid the law side to grant a legal remedy to which a party is otherwise unquestionably entitled. To do so would presuppose that the traditional equitable remedies — in this case, an injunction and ancillary compensatory damages — will invariably afford complete relief. Such approach, however, would run counter to another equitable principle, of equal standing, that equity will mold its decrees to suit the needs of the particular case. Thus, while tradition and precedent might forbid the Chancellor, as such, from awarding punitive damages, an equally strong tradition would bar any unqualified rule that customary forms of equitable relief will invariably be adequate and will always preclude accepted forms of legal relief. Such inflexibility has never been characteristic of equity jurisprudence.

Moreover, in view of the purpose of punitive damages, it is apparent that equitable forms of relief may not always suffice as a substitute. Indeed, where an injunction is granted against repetition of specific unlawful conduct which violates a particular plaintiff's rights the sanction may not be as effective as a punitive damage award, which is designed to deter deliberate and malicious conduct offensive to all.

Finally, it has been asserted that by suing for equitable relief an aggrieved party waives all claims to punitive damages (*Bird* v. *Railroad Co.,* 8 Rich. Eq. [S. C.] 46, 57; *Superior Constr. Co.* v. *Elmo, supra*; and cases cited in 48 A. L. R. 2d, *supra,* pp. 954–955). This is the least substantial of the attempted justifications. In the absence of words or conduct by a party which manifest an intention to waive any of his remedies, it merely begs the question to hold that a waiver has resulted from a mere asking for equitable relief. A party cannot reasonably be deemed to have waived a remedy unless he seeks others, knowing they are exclusive. But whether they are exclusive is the very issue to be here resolved. Nor is there any good reason, except that of historical accident, why one should be compelled to elect between two inadequate remedies.

It is thus apparent that the rule which forbids combination of equitable relief with an award of punitive damages is founded upon an obsolete procedural division with no rational basis, apart from history, in modern substantive law or equity. If the facts warrant, it may be entirely appropriate to grant an injunction or other forms of equitable relief and also exact punitive damages as a deterrent against flagrantly unlawful

conduct, whether embraced within an injunction. or not. Such freedom to grant whatever judicial relief the facts call for is entirely consonant with substantive legal and equitable principles and with present-day concepts of procedural efficiency. In this very context there may be found jurisdictions in which the broader view has been taken (*Bryson* v. *Bramlett*, 204 Tenn. 347; *Union Oil Co.* v. *Reconstruction Oil Co.*, 20 Cal. App. 2d 170; *Aladdin Mfg. Co.* v. *Mantle Lamp Co. of America*, 116 F. 2d 708, 716–717, cert. denied 296 U. S. 639; *Keller Prods.* v. *Rubber Linings Corp.*, 213 F. 2d 382, 387; see Punitive Damages in Equity, 16 Md. L. Rev. 68).

The courts which take the broader view reflect a realistic assessment of procedure as subordinate to the achievement of the just result in modern substantive law. This court should now do no less. To the extent that this court's holding in *Dunkel* v. *McDonald* (272 App. Div. 267, affd. 298 N. Y. 586, *supra*) is to the contrary, it should be overruled.

In this case the compensatory damages, or even the combination of compensatory damages and the amounts assessable for contempt of an injunction, might not suffice. The owner-landlord was interested in demolishing the premises and it was undoubtedly ready, therefore, to pay substantial sums by way of compensatory damages — and even contempt assessments — because of the profit it expected from redevelopment of the site. And even if it were not true of this landlord it could well be true of another, whose willful misconduct would be deterred by the menace of punitive damages. Consequently, the trial court was justified in concluding that the circumstances provided a rare but recurrable instance in which the traditional remedies would fall short of effecting a just result. Quite properly too, it recognized that a court embracing both the powers of a court of law and a court of equity, in the common-law tradition, might not be frustrated and could achieve the just result.

The functional significance of punitive damages has only recently been elaborated upon by the Court of Appeals. In *Walker* v. *Sheldon* (10 N Y 2d 401) Judge FULD gave studied attention to the policy considerations bearing on the award of punitive damages, most of which are applicable here. While that case involved a traditional tort category, the rationale is not so limited.

The amount of compensatory and punitive damages awarded in this case remains to be considered. Since plaintiff was barred from the premises for only a few hours on each occasion, and it was not shown that the opening of the restaurant was delayed for four months, there should have been no award

amounting to an abatement of rent for such period. Moreover, the letter of complaint to the State Liquor Authority, sent after the action was begun, was not sufficiently shown to have been the cause of delay in approval of plaintiff's license application. The remaining items of damage, including destruction of property on the premises and the cost of maintaining guards to prevent a recurrence of the incidents, were proper. Deducting the items disallowed the actual damages amounted to $2,408.50.*

There is no rigid formula by which the amount of punitive damages is fixed, although they should bear some reasonable relation to the harm done and the flagrancy of the conduct causing it (14 N. Y. Jur., Damages, § 188). In the present case, a total award of three times the amount of actual damages is deemed proper. This accords with the statutory provision for treble damages in actions for forcible entry or detainer (Real Property Law, § 535), which is an appropriate analogue.

Accordingly, the judgment should be modified, on the law and the facts, by reducing the award of actual damages to $2,408.50 and the punitive damages to $4,817, and otherwise affirmed, without costs.

VALENTE, McNALLY, STEVENS and STEUER, JJ., concur.

Judgment unanimously modified, on the law and the facts, by reducing the award of actual damages to $2,408.50 and the punitive damages to $4,817, and otherwise affirmed, without costs. Settle order on notice.

*Repair to bronze door.............................$1,750.00
Guards employed ...............................  208.50
Removal of barricades...........................  150.00
Injury to possession............................  300.00

$2,408.50
Trebled .....................................  x3

Total damages .............................$7,225.50