OPINION OF THE COURT
Gilbert Rabin, J.
The above-entitled action was commenced by a summary proceeding petition for nonpayment of rent. At the time of their initial appearance on April 29, 1986 respondents alleged payment by mail of the rent for March 1986 and April 1986. They further alleged a warranty of habitability defense and various setoffs and counterclaims.
At trial on May 14, 1986, respondents appeared pro se and were granted, by this court, leave to amend their answer to include the affirmative defense that the nonexistence of a certificate of occupancy precluded the landlord from collecting rent. Respondents’ allegations and defenses, etc., were payment, warranty of habitability claims and failure of petitioner to possess a certificate of occupancy for the premises and failure of petitioner to have served a registered statement. Respondents claim the aforesaid precludes collection by petitioner of any rent.
At trial, the respondents failed to even address the issue of payment or offer any proof thereof. This court finds that respondents’ allegation of payment was made to both obfuscate the real issues of this case and to circumvent the escrow requirements of this court for trials in habitability actions in summary proceedings.
Respondents, likewise, failed to adduce one iota of proof as to any warranty of habitability defense.
Respondents have attempted to prove that a certificate of occupancy did not exist for the subject property and that since this was the case, under Multiple Dwelling Law §§ 301 and 302, the petitioner was entitled neither to payments nor had the power to maintain this proceeding. Respondents’ argument is misplaced as this court finds the Multiple Dwelling Law is not applicable to the City of Yonkers (see, Multiple Dwelling Law § 3 [1]; Code of City of Yonkers § 32-2). The applicable statute is Multiple Residence Law § 3 (1) (Code of City of Yonkers § 32-2). Since the Multiple Residence Law has no section corresponding to Multiple Dwelling Law § 302, respondents’ argument that petitioner lacks the status to maintain the instant proceeding must necessarily fall. Under *440 Multiple Residence Law § 302 (1) no certificate of occupancy is required for any multiple dwelling existing on July 1, 1952, for which a certificate of occupancy was not required before said date. The court finds no proof in this proceeding that the subject building, built in 1912, required a certificate of occupancy. Similarly, respondents offered no proof that any changes or alterations had been made to the premises. Indeed, both parties agree that the building is a nine-family dwelling, and that, since 1912, the building has been taxed as a nine-family structure.
The court finds that the respondents are not entitled to any abatement of rent pursuant to Multiple Residence Law § 305-a (2) since no proof of a rent-impairing condition was shown at trial.
With reference to the respondents’ contention that a copy of the registration statement, which is to be filed with the Division of Housing, was never given to them as required under the Emergency Tenant Protection Act (L 1974, ch 576, § 4), the court finds that the respondents are in error as to this contention. Under Emergency Tenant Protection Regulations § 2509.1 (d) (9 NYCRR), a copy of the above registration statement is to be mailed to "the tenant in possession of the housing accommodation to which it applies at the time of initial registration, or to the first tenant in occupancy if the housing accommodation is vacant at the time of initial registration.” Respondents have not shown that they were tenants in possession at the time of the initial registration nor have they shown that they were the first tenants in occupancy after the initial registration if the apartment was vacant at the time of the registration.
The court finds that the petitioner has proven that he is entitled to collect rent for the subject premises of $400 per month. Petitioner has proven that the rent for April 1986 and May 1986 are both due and owing in the amount of $800 and that the partial rent for March 1986, in the amount of $115, is also due, making a total sum of $915 rent due to the petitioner, none of which have been paid by the respondents.
The court finds that the petitioner has failed to prove that any late payment is due nor has petitioner demanded or proven that any attorney’s fees are owed to petitioner.
Judgment for petitioner in the sum of $915 together with costs and disbursements of $30 in this action. Warrant of eviction shall issue with a five-day stay.