■ SEYMOUR WINICK, INC., Appellant-Respondent, v ARIANA REALTY COMPANY et al., Respondents-Appellants.—In an action to recover damages for fraud, breach of contract, and refund of rent overcharges, the plaintiff appeals from so much of an order of the Supreme Court, Queens County (Santucci, J.), dated September 18, 1989, as (1) denied its motion for a preliminary injunction restraining the defendants from constructing a restaurant, and (2) vacated a temporary restraining order, dated June 29, 1989, restraining the defendants from constructing the restaurant. The defendants cross-appeal, as limited by their brief, from so much of the same order

as denied their cross motion to dismiss the complaint for failure to state a cause of action.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The defendant Ariana Realty Company (hereinafter Ariana) is the owner of a commercial building located at 32-02 Queens Boulevard. In October 1984 Ariana leased space in the lobby of the building to the plaintiff for three years and seven months. Under the terms of this original lease, the plaintiff was restricted to using the space for a restaurant and snack bar.

The complaint alleged that in the autumn of 1987, before the original lease terminated, an agent of Ariana falsely represented to the plaintiff that if it moved its establishment to space in the rear of the lobby, Ariana would not lease space to any other restaurant. The complaint then alleged that in reliance upon this representation, the parties entered into a substitute lease, the plaintiff moved its establishment to the new space, made expenditures on the new space, and secured a subtenant of the new space. The plaintiff alleged that Ariana had leased or was about to lease space in the building to another restaurant, that Ariana had always intended to rent space to another restaurant, and that Ariana collected $1,200 in rent overcharges on the new space.

Accepting the allegations as true, and giving the plaintiff the benefit of every possible favorable inference, we are satisfied that the complaint states causes of action to recover damages for fraud, breach of contract, and refund of rent overcharges (see, Morone v Morone, 50 NY2d 481; Rovello v Orofino Realty Co., 40 NY2d 633). However, the plaintiff was not entitled to a preliminary injunction for the reasons stated by the Supreme Court. Bracken, J. P., Kunzeman, O'Brien and Ritter, JJ., concur.