*504 OPINION OF THE COURT
Memorandum.
Final judgment reversed without costs and matter remanded to the court below for further proceedings.
Following landlord’s concession that he lacked a proper certificate of occupancy for the subject premises, certified for single-family occupancy but operated as a de facto multiple dwelling (Multiple Residence Law § 4 [4]; § 302 [1]), the court denied landlord a money judgment, citing Multiple Dwelling Law § 302 (1) (b) and § 325 (2), but granted him possession. However, the Multiple Dwelling Law does not apply to Yonkers (see, Multiple Dwelling Law § 3 [1]), and, thus, the absence of such a certificate does not preclude the commencement of a nonpayment proceeding (e.g., Brown v Williams, 132 Misc 2d 438, 439). To the extent that Anilesh v Williams (NYLJ, Nov. 15, 1995, at 25, col 2) and Bartolomeo v Runco (162 Misc 2d 485) hold to the contrary, they should not be followed.
In any event, absent a default in rent, the court could not award landlord possession in a nonpayment proceeding (RPAPL 711 [2]; Papaleo v Gentle, NYLJ, Oct. 9, 2001, at 26, col 4 [App Term, 9th & 10th Jud Dists]). If, as tenant alleges, the court implicitly converted the nonpayment proceeding to a holdover proceeding, this also was inappropriate under the circumstances presented, which include the absence of a termination notice. Consent to such a conversion will not be inferred from these unrepresented litigants’ silence (Luciano v Pironti, NYLJ, May 30, 2001, at 20, col 2 [App Term, 9th & 10th Jud Dists]).
Floyd, P.J., and Doyle, J., concur; Colabella, J., taking no part.