Verdaguer v Kopacz (2022 NY Slip Op 51141(U))

[*1]

Verdaguer v Kopacz

2022 NY Slip Op 51141(U) [77 Misc 3d 128(A)]

Decided on November 3, 2022

Appellate Term, Second Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on November 3, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : JERRY GARGUILO, P.J., ELIZABETH H. EMERSON, TIMOTHY
S. DRISCOLL, JJ

2020-878 W C

Glenn Verdaguer, Appellant,
against
Barbara Kopacz and Marcin Kopacz, Respondents.

Glenn Verdaguer, appellant pro se.
Barbara Kopacz and Marcin Kopacz, respondents pro se (no brief filed).

Appeal, on the ground of inadequacy, from a judgment of the City Court of Yonkers,
Westchester County (Brendan J. McGrath, J.), entered October 2, 2020. The judgment,
insofar appealed from, after a nonjury trial, awarded plaintiff the principal sum of
$450.

ORDERED that the judgment, insofar as appealed from, is affirmed, without
costs.
In this small claims action commenced by plaintiff against the owners of his former
residence, plaintiff seeks $5,000 for the loss of personal property and the return of his
$1,450 security deposit. Defendants filed an answer with a counterclaim seeking $5,000
for property damage and $2,000 in unpaid rent for January and February of 2020. At a
nonjury trial, the evidence revealed that, in January of 2020, the City of Yonkers
Department of Housing and Buildings determined that plaintiff was living in an illegal
basement apartment in a two-family house and ordered plaintiff to vacate it. After
plaintiff moved out, but before he was able to remove all of his belongings, defendants
discarded the remaining items left in the basement apartment. The City Court found that
plaintiff failed to establish the value of his property discarded by defendants and that
defendants properly retained $1,000 of the security deposit to cover the $1,000 rent for
January 2020. The court awarded plaintiff $450, representing the amount of his security
deposit less the January 2020 rent, and dismissed the counterclaim. Plaintiff appeals, on
the ground of inadequacy, from so much of the judgment as awarded him $450.
Our review of the judgment is limited to whether "substantial justice has not been
done between the parties according to the rules and principles of substantive law"
(UCCA 1807; see UCCA 1804). The decision of a fact-finding court should not
be disturbed upon appeal unless it [*2]is obvious that the
court's conclusions could not be reached under any fair interpretation of the evidence
(see Claridge Gardens v Menotti, 160 AD2d 544 [1990]).
Contrary to plaintiff's argument, Multiple Dwelling Law § 302, the rent
forfeiture provision, does not compel the return of the portion of the security deposit
retained to cover January 2020 rent because the Multiple Dwelling Law does not apply in
Yonkers (see Multiple Dwelling Law § 3 [1]; Corbin v Briley, 192
Misc 2d 503 [App Term, 2d Dept, 9th & 10th Jud Dists 2002]). Thus, plaintiff has
not demonstrated that substantial justice was not rendered when the court concluded that
defendants were permitted to retain that $1,000 of the security deposit (see Pickering v Chappe, 29
Misc 3d 6 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2010]; see Schweighofer v Straub, 23
Misc 3d 132[A], 2009 NY Slip Op 50730[U] [App Term, 2d Dept, 9th & 10th
Jud Dists 2009]).
Moreover, a review of the record indicates that plaintiff failed to establish the
condition and value of his personal property immediately before defendants discarded it
(see generally Gass v Agate Ice Cream, 264 NY 141 [1934]; Johnson v
Scholz, 276 App Div 163 [1949]; see also Jones v Jeff's Express Moving, Stor. & Trucking,
49 Misc 3d 133[A], 2015 NY Slip Op 51454[U] [App Term, 2d Dept, 2d, 11th
& 13th Jud Dists 2015]).
Accordingly, the judgment, insofar as appealed from, is affirmed.
GARGUILO, P.J., EMERSON and DRISCOLL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: November 3, 2022