Singletary v Residential Mgt. Inc. (2022 NY Slip Op 22387)

Singletary v Residential Mgt. Inc.

2022 NY Slip Op 22387 [77 Misc 3d 20]

Accepted for Miscellaneous Reports Publication

Supreme Court, Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

As corrected through Wednesday, March 1, 2023

[*1]

Shakesque Singletary, Respondent,
v
Residential Management Inc. et al., Appellants, et al., Respondent.

Supreme Court, Appellate Term, First Department, December 20, 2022

APPEARANCES OF COUNSEL

David Berger, New York City, for appellants.
Shakesque Singletary, respondent pro se.
Diana Lawless, New York City, for Department of Housing Preservation and Development, respondent.

{**77 Misc 3d at 21} OPINION OF THE COURT

Per Curiam.

Appeal from "decision/order" (Jack Stoller, J.), entered on or about November 25, 2019, deemed an appeal from the ensuing judgment (same court and judge), entered on or about November 26, 2019, and so considered (see CPLR 5520 [c]), judgment affirmed, with $25 costs.
The determination rendered by a hearing court is entitled to great deference on appeal and will not be set aside unless such determination could not have been reached under any fair interpretation of the evidence (see Claridge Gardens v Menotti, 160 AD2d 544 [1990]). Here, respondents landlords' liability for civil penalties was firmly established by the hearing evidence, including petitioner tenant's testimony, photographs, and HPD's subsequent inspections, which fully supports the trial court's finding that respondents failed to correct certain violations cited in the May 3, 2019 consent order. Nor did respondents establish their defense of lack of access by a preponderance of the evidence, since the record supports the hearing court's express conclusion that the May 2019 order "contained no less than four access dates," that "none of respondents' [*2]witnesses testified that respondent could not get access on the scheduled dates" and that "respondents' contractor, the manager, and respondents' worker all testified that they did work in the subject premises, which is not consistent with respondents' position that petitioner denied access."
Respondents' argument that the civil penalties imposed (see Administrative Code of City of NY § 27-2115 [a]) violated the Excessive Fines Clause of the Eighth Amendment of the United States Constitution is unpreserved (see Matter of People v Orbital{**77 Misc 3d at 22}Publ. Group, Inc., 193 AD3d 661 [2021]; Matter of Franklin St. Realty Corp. v NYC Envtl. Control Bd., 164 AD3d 19, 30 [2018], affd 34 NY3d 600 [2019]) and in any event without merit. The Excessive Fines Clause is inapplicable because the penalty serves a remedial, rather than punitive, purpose, as it is intended to coerce property owners to comply with housing maintenance standards (see generally Matter of Tiwari v City of New York, 190 AD3d 442 [2021]). Even if the Excessive Fines Clause applied, the penalty schedule contained in Administrative Code § 27-2115—which classifies violations by their seriousness and accordingly varies the time landlords are allotted to correct them—was not "grossly disproportional to the gravity of [the] offense" (see County of Nassau v Canavan, 1 NY3d 134, 140 [2003] [internal quotation marks and citation omitted]), i.e. the fine does not "notably exceed[ ] in amount that which is reasonable, usual, proper or just" (Matter of Prince v City of New York, 108 AD3d 114, 119 [2013] [internal quotation marks and citation omitted]; see Matter of Department of Hous. Preserv. & Dev. of City of N.Y. v Deka Realty Corp., 208 AD2d 37, 45-46, 51 [1995]), and respondents had the ability to mitigate the accrual of the fines by immediately correcting the violations (see Matter of Franklin St. Realty Corp. v NYC Envtl. Control Bd., 164 AD3d at 30; OTR Media Group, Inc. v City of New York, 83 AD3d 451, 454 [2011]).
Brigantti, J.P., Hagler and Tisch, JJ., concur.