Department of Hous. Preserv. & Dev. of City of N.Y. v 1515 St. Johns Place (2024 NY Slip Op 50066(U))

[*1]

Department of Hous. Preserv. & Dev. of City of N.Y. v 1515 St. Johns Place

2024 NY Slip Op 50066(U)

Decided on January 12, 2024

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on January 12, 2024
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : WAVNY TOUSSAINT, P.J., MARINA CORA MUNDY, LISA S. OTTLEY, JJ

2023-371 K C

Department of Housing Preservation and Development of the City of New York, Respondent,
against
1515 St. Johns Place, Alfred Thompson, and Laquasia Thomas, Appellants. 

Thomas M. Desimone, for appellants.
New York City Law Department (Jonathan A. Popolow of counsel), for respondent.

Appeal from a decision of the Civil Court of the City of New York, Kings County (Jack Stoller, J.), dated June 30, 2022 and from a final judgment of that court entered June 30, 2022. The final judgment, entered pursuant to the decision, after a nonjury trial, awarded the New York City Department of Housing Preservation and Development the principal sum of $275,000 in civil penalties.

ORDERED that so much of the appeal as is from the decision is dismissed, as no appeal lies from a decision (see CCA 1702); and it is further,
ORDERED that the final judgment is affirmed, without costs.
The New York City Department of Housing Preservation and Development (HPD) commenced this HP proceeding to, insofar as is relevant to this appeal, obtain civil penalties against landlord for failing to provide hot water in violation of the Housing Maintenance Code (see CCA 110 [a] [1]). After a nonjury trial, the Civil Court found evidence of numerous hot water violations and a final judgment was entered awarding HPD the principal sum of $275,000 in civil penalties.
The determination of a trial court should not be disturbed upon appeal "unless it is [*2]obvious that the court's conclusions could not be reached under any fair interpretation of the evidence" (Appleby v Evans, 23 AD3d 323, 323 [2005]; see also Verdaguer v Kopacz, 77 Misc 3d 128[A], 2022 NY Slip Op 51141[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2022]; Ehue v Green, 17 Misc 3d 135[A], 2007 NY Slip Op 52231[U] [App Term, 2d Dept, 2d & 11th Jud Dists 2007]). 
Here, landlord's liability for civil penalties was established by evidence, including inspections, HPD reports, and testimony, which fully demonstrated that landlord failed to comply with the Housing Maintenance Code's requirement to provide hot water at 120 degrees (see Administrative Code of City of NY § 27-2031). Landlord does not dispute the violations and its sole argument on appeal is that the civil penalties imposed (see Administrative Code § 27-2115 [k] [1] [i]) violated the Excessive Fines Clause of the Eighth Amendment of the Untied States Constitution. That argument is without merit. The Excessive Fines Clause is inapplicable in this matter because the civil penalties at issue serve "a remedial, rather than punitive, purpose, as [they are] intended to coerce property owners to comply with housing maintenance standards" (Singletary v Residential Mgt. Inc., 77 Misc 3d 20, 22 [App Term, 1st Dept 2022]; see also Matter of Coma Realty Corp. v Davis, 200 AD3d 975 [2021]; Matter of Tiwari v City of New York, 190 AD3d 442 [2021]).
Accordingly, the final judgment is affirmed.
TOUSSAINT, P.J., MUNDY and OTTLEY, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: January 12, 2024