Diego Beekman Mut. Hous. Assn. Hous. Dev. Fund Corp. v Hammond (2024 NY Slip Op 50144(U))

[*1]

Diego Beekman Mut. Hous. Assn. Hous. Dev. Fund Corp. v Hammond

2024 NY Slip Op 50144(U)

Decided on February 9, 2024

Civil Court Of The City Of New York, Bronx County

Ibrahim, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on February 9, 2024
Civil Court of the City of New York, Bronx County

Diego Beekman Mutual Housing Association Housing Development Fund Corp., Petitioner,

against
Tasha Hammond, Respondent-Tenant.

Index No. 314834/22

Hertz, Cherson & Rosenthal, PC
By Heath Tygar, Esq.
Attorneys for the Petitioner
&
Mobilization for Justice Inc.
By Emilio Paesano, Esq.
Attorneys for the Respondent

Shorab Ibrahim, J.

Recitation, as required by C.P.L.R. § 2219(a), of the papers considered in review of this motion.
Papers/Numbered
Order to Show Cause with Affirmation and Affidavit Annexed [With Exhibits A-B] [NYSCEF Doc. Nos. 26-31] 1
Affidavit and Affirmation in Opposition [With Exhibits 1-5] [NYSCEF Doc. Nos. 35-41] 2
Letter Correspondence from Respondent's Counsel [Deemed a Reply] [NYSCEF Doc. No. 42] 3
Discussion
This is a non-payment proceeding. It has been on the Part J calendar since early August 2023 and adjourned numerous times. Several adjournments resulted as respondent attempted to find counsel of her own. Finally, on January 10, 2024, a referral to MFJ [Emilio Paesano] was made in court. On January 31, 2024, MFJ filed a notice of appearance, together with an order to show cause seeking, inter alia, an order from the court issuing a "C" class violation for roach infestation as the subject apartment and an order directing petitioner to correct (order to correct) said violation by a date certain.
The motion is supported with respondent's affidavit. In relevant part, she states she has lived in the apartment since 1977 and that she has a roach infestation that the landlord's efforts have not solved. Attached to the motion are photographs taken on January 30, 2024, depicting, among other things, what appears to be a serious roach infestation inside the apartment, including inside of the fridge.
On February 7, 2024, petitioner's application to oppose the motion in writing was granted to the extent of adjourning the case to February 9, 2024. Petitioner timely filed opposition on February 8, 2024. Included in the opposition is a document styled as a "client affidavit" from one Tyheesha Boone. (see NYSCEF Doc. 36). Respondent filed a letter correspondence, rejecting the affidavit as not in proper form because it does not comply with CPLR § 2106. The court deems this letter a reply.
The recently amended CPLR § 2106 states as follows:
The statement of any person wherever made, subscribed and affirmed by that person to be true under the penalties of perjury, may be used in an action in New York in lieu of and with the same force and effect as an affidavit. Such affirmation shall be in substantially the following form:
I affirm this ___ day of ______, ____, under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.
(Signature)
The Boone document does not comply with this provision. While the proposed affiant purports to "being duly sworn," none of the above language [or substantially similar language] appears in the document. The language is not merely a suggestion but is mandatory. (see People v Ricken, 29 AD2d 192, 193 [3rd Dept. 1968] (in the absence of ameliorating or qualifying language or showing of another purpose, the word 'shall' is deemed to be mandatory) [quotations and citations omitted]).
The practical effect of this is that respondent's affidavit remains unrefuted. Even if the court were to consider the Boone document, it does not, as a matter of law, raise a defense to an order to correct in that it entirely focuses on the alleged lack of notice and access. (see D'Agostino v Forty-Three E. Equities Corp., 12 Misc 3d 486, 489-490 [Civ Ct, New York County 2006] aff'd on other grounds, 16 Misc 3d 59 [App Term, 1st Dept 2007] ("The few defenses to an order to correct include lack of standing or jurisdiction, completed repairs, conditions are not code violations, notice of violation is facially insufficient, respondent is no longer the owner and economic infeasibility."). The Boone document also alleges attempts to address the roach problem, but concedes the problem exists even as it casts blame on the respondent. However, respondent conceded that extermination services were provided on February 8, 2024. Respondent did not concede that the alleged infestation had been resolved. Consequently, the court held a hearing to determine whether the alleged infestation existed at the time of the hearing (a potential defense). If so, the court must determine whether the condition constitutes a violation under the Housing Maintenance Code (aka NYC Administrative Code). If so, the court must determine whether an order to correct should be issued.
The Hearing
Respondent's credible and unrefuted testimony was as follows: she has lived with a terrible roach problem for some time;[FN1]
that extermination, including vacuuming and spray poison was done on February 8, 2024; that the infestation remained. Respondent submitted several [*2]photographs and one video into evidence. Each was taken after the extermination services provided on February 8, 2024. The photographs clearly show evidence of roaches (R1, R3, R4, R6). The video shows crawling roaches in a bedroom closet. In sum, respondent stated she sees roaches all the time and all throughout the apartment.
Other Evidence
As stated above, respondent's January 31, 2024 affidavit stands largely unrefuted; no one with personal knowledge disputes the assertions that while petitioner has sprayed poison, it has never investigated for roach nests or roach waste, has not sealed holes and cracks, and has not identified and stopped the source of moisture seeping into the apartment. (see NYSCEF Doc. 27, par. 9-11). In fact, the Boone document largely confirms respondent's statements. In any event no proof was offered that integrated pest management, as required by the NYC Administrative Code and Local Law 55 of 2018, was ever even partially attempted prior to February 8, 2024.
Petitioner did not present any witnesses or other evidence. However, petitioner's counsel argues that the evidence does not support an "infestation" finding.
Findings
The record clearly establishes a roach infestation in the subject apartment by a preponderance of evidence. (see Singletary v Residential Mgmt, Inc., 77 Misc 3d 20, 21 [App Term, 1st Dept. 2022] (noting preponderance of evidence standard in HP case)). While the effects of petitioner's February 8, 2024 attempts cannot yet be fully known, there was sufficient proof of live roaches in various areas of the apartment both before and after the treatment. 
Order to Correct and Notice of Violation
The law is clear that the existence of violations may be proved by DHPD or inspection reports, other governmental computerized records, photographs, or through testimony. (see Scherer and Fisher, Residential Landlord-Tenant Law in New York § 19:65 [2019 Update]; Mite v Pipedreams Realty, 190 Misc 2d 543, 544 [Civ Ct, Bronx County 2002]; see also NYC Admin Code § 27-2115(h)(1) ["If the court finds a condition constituting a violation exists, it shall direct the owner to correct the violation"] [emphasis added]).
Here, that condition is serious. Indeed, the condition can fairly be described as atrocious. The court finds respondent's statement that she lives in squalor truthful. (see NYSCEF Doc. 27, par. 6). As such, the court finds that the condition constitutes a class "C" violation—for roach infestation throughout the apartment known as 4-B at 305 St. Ann's Avenue, Bronx, NY 10454. (see NYC Admin Code § 27-2017.4(b) ("[T]he presence of cockroaches, mice or rats in any room in a dwelling unit in a multiple dwelling or a common area shall constitute an immediately hazardous violation of this code ") [emphasis added]; see also Torres v Sedgwick Ave. Dignity Developers, LLC, 77 Misc 3d 1209(A), 1 [Civ Ct, Bronx County 2022] (class "C" violations are "immediately hazardous") [citation omitted]).
Petitioner does not oppose entry of an order to correct on any procedural ground. In any event, the court may "employ any remedy, program, procedure or sanction authorized by law for the enforcement of housing standards." It can do so "regardless of the relief originally sought." (see NYC Civil Court Act § 110(C); D'Agostino v Forty-Three E. Equities Corp., 12 Misc 3d at 489). The court undoubtedly has the power to enforce housing standards. (see NYC Civil Court Act § 203(o)). In other words, the court may issue orders to correct in non-payment cases.
Petitioner is directed to abate the class "C" violation listed above within (21) days of service of this order on petitioner by respondent. Such service can be through NYSCEF upload, with Notice of Entry. (see NYC Admin Code § 27-2017.4(C) ("The date for correction of an [*3]immediately hazardous violation for cockroaches, mice, or rats shall be twenty-one days after service of the notice of violation as provided on such notice.")). Petitioner must comply with all relevant laws, codes, and requirements in abating the condition, including, but not limited to, Local Law 55 of 2018 and NYC Admin Code § 27-2017.8. 
Respondent shall provide reasonable access, as required, upon (24) hours' notice.
Upon default, respondent may move for any appropriate relief including, but not limited to, an order holding petitioner in contempt and/or an order assessing civil penalties. (see Dole v 106-108 West 87th Street Owners, Inc., 13 Misc 3d 1241(A), 7 [Civ Ct, New York County 2006] ("The owner's failure to comply may result in contempt and/or the imposition of civil penalties."); NYC Civil Court Act § 110(e)). The court shall have continuing jurisdiction over this matter.
Conclusion
Based on the foregoing, respondent's motion is granted to the extent stated herein. These proceedings are adjourned to March 13, 2024 at 9:30 AM. If respondent intends to move for leave to file a late answer, a motion must be made at least (10) days in advance of the return date.
This constitutes the decision and order of the court. It will be emailed to the parties.
Dated: February 9, 2024
Bronx, New York
SO ORDERED, 
HON. SHORAB IBRAHIM 
Judge, Housing Part

Footnotes

Footnote 1:Although other repairs were referenced during the hearing, and other conditions are referenced in the moving papers, respondent's testimony focused on the roach infestation and, at closing, respondent sought issuance of a violation and an order to correct only as to the roach infestation.